89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MILLER, Plaintiff,
James Mobley, Plaintiff-Appellant,
v.
KENTUCKY DEPARTMENT OF CORRECTIONS; Office of General
Counsel; Kentucky State Reformatory, Defendants,
Jack C. Lewis; Dewey Sowders; Barbara Jones; Walter B.
Chapleau; William Briscoe; April Thorpe; Steve
Ratterman, Defendants-Appellees.
 No. 95-6041.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 Before: KENNEDY, CONTIE, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 James Mobley, a Kentucky state prisoner, appeals pro se the summary judgment for defendants, state prison officials, in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mobley and another inmate filed this complaint alleging that they were deprived of their due process rights at prison disciplinary proceedings where they were found guilty of refusing to produce urine samples, when in actuality they were unable to produce samples due to a social phobia of urinating while observed. They also argued that the prison regulation governing the collection of urine samples violated their privacy rights. Both inmates lost good-time and had their visitation privileges restricted as a result of the disciplinary convictions. Cross-motions for summary judgment were filed by the parties, and the matter was referred to a magistrate judge, who recommended that summary judgment be granted to the defendants. The district court adopted this recommendation over the plaintiffs' objections. Mobley appealed, and argues that no evidence supports the disciplinary committee's finding in his case and that the district court failed to address his privacy claim.
 
 
 3
 Upon consideration, we conclude that summary judgment for the defendants was proper, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Contrary to Mobley's argument, some evidence supports the finding of the disciplinary committee. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Mobley was asked to produce a urine sample and given two hours in which to do so, but did not. He was allowed to present his defense that he was unable to produce a sample due to his social phobia, but his explanation was not credited by the committee.
 
 
 4
 Mobley's argument that the district court did not address his privacy claim is totally baseless. The district court adopted the magistrate judge's report which discussed the privacy claim at length and concluded that the regulation requiring monitoring of urine samples was reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 5
 For the reasons stated by the magistrate judge and adopted by the district court, the summary judgment for defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.